```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND


JACLYN SCHUERHOLZ               *
                                *
v.                              *   Civil Action No. WMN-15-1990
                                *
OFFICER EUGENE COKER et al.     *
                                *
                                *
    *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

On or about May 27, 2015, Plaintiff Jaclyn Schuerholz filed a Complaint in the Circuit Court for Baltimore City alleging that two Baltimore City Police Officers, Defendants Eugene Coker and Ricardo Cabreja (Officers), used excessive force in effecting her arrest on August 25, 2013.  In addition to the Officers, Plaintiff named the Mayor and City Council of Baltimore (City) and the Baltimore City Police Department (BPD) as Defendants.  The Complaint contains four counts which are purported to be against all Defendants: Battery (Count 1); "Excessive Force" in violation of the Maryland Declaration of Rights, Articles 16, 19 and 24 (Count 2); Negligence (Count 3); and "Constitution Tort" brought pursuant to 42 U.S.C. § 1983 (Count 4).

On July 7, 2015, Defendant BPD removed the action to this Court.  On July 13, 2015, Defendant Officers filed a notice of removal.  ECF No. 10.  Plaintiff then filed a motion to remand,

ECF No. 23, which has been opposed by Defendant BPD, ECF No. 27, as well as Defendant Officers, ECF No. 28.  Plaintiff did not file any reply to those oppositions and the time for doing so has expired.  Also pending are motions to dismiss filed by Defendant City, ECF No. 8, and by Defendant BPD, ECF No. 9, filed July 8, 2015, and July 10, 2015, respectively.  Plaintiff twice requested extensions of time to "allow Plaintiff to further evaluate" the motions, ECF No. 19 at 1 and ECF No. 29 at 2.  The Court granted both motions and with those extensions, Plaintiff's oppositions were due on or before September 13, 2015.  Despite those extensions, no oppositions to the motions have been filed.

In her motion to remand, Plaintiff contends that removal was untimely.  That contention, however, is based upon an incorrect understanding as to when the 30 day period for removal began to run.  Under 28 U.S.C. § 1446(b), a notice of removal must be filed "within thirty days after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (emphasis added).  At one time, there was a split in authority as to whether that thirty day period commenced when the defendant received actual notice of the substance of the litigation or not until <u>proper</u> service was made on the defendant.  The Supreme Court resolved that

split twenty five years ago, however, explaining that "the trigger for the [thirty]-day period was formal receipt [of the complaint] by service of process." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 352-53 (1990).

Plaintiff contends that BPD was served with process on June 4, 2015, rendering BPD's July 7, 2015, removal untimely. Plaintiff attempted to serve Defendant BPD by sending certified mail to BPD's resident agent, Baltimore City Solicitor George Nilson. ECF No. 23-1. Under the Maryland Rules, service can be made by certified mail but the delivery must be designated: "Restricted Delivery - show to whom, date, address of delivery." Md. R. 2-121(a)(3). Here, while the envelope containing the Complaint and Summons had the word "Restricted" handwritten on it, ECF No. 23-1 at 4, there is no signature on the Return Receipt. See id. at 3. Instead of a signature, there is a "Municipal Post Office" stamp on the Return Receipt. City Solicitor Nilson has submitted an affidavit stating that he has never authorized the Municipal Post Office or any individual in that office to act as his agent in receiving mail. ECF No. 27-2. Thus, proper service was not made with the delivery of this letter. See Brown v. Am. Inst. For Research, 487 F. Supp. 2d 613, 617 (D. Md. 2007) (holding that the "[p]laintiff's repeated attempts at service by certified mail were all invalid for

3

failure to comply with the restricted delivery requirements of Maryland Rule 2-121(a)(3)").

In opposing the motion to remand, BPD states that its resident agent, Mr. Nilson, accepted service of process on June 8, 2015, and, accordingly, removal on July 7, 2015, was timely. As noted above, Plaintiff did not reply to BPD's opposition. Because the Court agrees the BPD's removal was timely, the Court will deny the motion to remand.

Turning to the motions to dismiss, to survive a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Such determination is a "context-specific task," Iqbal, 556 U.S. at 679, in which the factual allegations of the complaint must be examined to assess whether they are sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted), such deference is

not accorded to labels, legal conclusions, and bare assertions devoid of further factual enhancement.  Iqbal, 556 U.S. at 678.

In Defendant City's Motion to Dismiss, it notes that the fact allegations in the Complaint are limited to the alleged actions of individual officers or employees of BPD.  In that it is well established that BPD is a State agency, and not an agency of the City, and that, as a matter of Maryland law, the City has no authority to control the activities of the BPD, there is no basis to attribute any liability to the City.  See Estate of Anderson v. Strohman, 6 F. Supp. 3d 639, 646 (D. Md. 2014) (holding that, "based on governing Maryland and federal law, [] a § 1983 claim cannot be brought against the City for Baltimore police officer conduct because it does not sufficiently control the BPD and cannot be considered to employ Baltimore police officers").  Accordingly, the City's motion will be granted.

In Defendant BPD's Motion to Dismiss, it makes the following arguments.  First, BPD contends that the "Complaint fails to state a 'plausible' § 1983 Monell [v. Department of Social Services., 436 U.S. 658, 694 (1978)] claim against BPD, i.e., it does not state sufficient facts demonstrating that an official policy or custom was the 'moving force' behind the alleged violation of Ms. Schuerholz's constitutional rights." ECF No. 9-1 at 2.  Second, BPD offers that the "Complaint fails

5

to state a plausible Eighth Amendment claim under § 1983, as the Eighth Amendment is applicable to only convicted and sentenced prisoners." Id.  Finally, BPD argues that it has "sovereign immunity against all of the Maryland common law claims, including the state constitutional torts." Id.

As to the § 1983 Monell claim, it is long and well established that to state such a claim a plaintiff must sufficiently allege that: (1) the municipality had an unconstitutional "policy or custom;" and, (2) that alleged unconstitutional "policy or custom" caused the violation of the plaintiff's constitutional rights. Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987).  The Complaint contains no facts to support the conclusion that BPD had such an unconstitutional policy or custom that authorized the purported misconduct.  The Complaint actually makes no mention of an unconstitutional policy and, significantly, contains no allegations of any incident similar to the case at bar.  Plaintiff's § 1983 claim will be dismissed.

To the extent Count 4 was premised on an alleged violation of the Eighth Amendment, it fails for the additional reason that Plaintiff was not a convicted prisoner at the time of the alleged incident.  Therefore, her claim would be governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment prohibition against cruel and unusual

6

punishment.  Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988).  This argument is also applicable to Defendant Officers.  Thus, the Court will dismiss Count 4 as to all Defendants to the extent it is premised on a violation of the Eighth Amendment.

Finally, BPD is correct that Plaintiff's remaining state law claims, Counts 1, 2, and 3, must be dismissed as against the BPD.  It is well settled that BPD is a State agency which has sovereign immunity from all tort liability, including state constitutional claims.  Baltimore Police Dep't v. Cherkes, 780 A.2d 410, 424 (Md. Ct. Spec. App. 2001).  There is no indication, and Plaintiff makes no argument, that BPD has waived that immunity.

For these reasons, Plaintiff's motion to remand will be denied and the City and the BPD will be dismissed from this action.  A separate order will issue.  In addition, the Court will issue a scheduling order so that this case can proceed to discovery.

```
                      _____/s/_____
                      William M. Nickerson
                      Senior United States District Judge
```

DATED: October 22, 2015